UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| FRANCIS KARICHU, | ) |
|              Petitioner, | ) |
|       v. | )   No. 2:26-cv-00105-JRS-MG |
| KRISTI NOEM Department of Homeland Security DHS, TODD LYONS Immigration and Custom Enforcement (ICE), WARDEN, INDIANA ATTORNEY GENERAL, | ) |
|              Respondents. | ) |

**ORDER FOR SUPPLEMENTAL BRIEFING**

Petitioner Francis Karichu, pro se, has filed what the Court has construed as a petition for writ of habeas corpus. Dkt. 1; *see also* dkt. 6 ¶ 2.

In his petition, Mr. Karichu states that he was granted withholding of removal on May 11, 2001, and that he is currently incarcerated at the Putnamville Correctional Facility ("Putnamville"), serving an Indiana criminal sentence, with a scheduled release date of March 12, 2026.[1] He further states that U.S. Immigration and Customs Enforcement ("ICE") has placed a detainer on him. Mr. Karichu seeks to be released from that detainer.

The federal respondents do not dispute that there is an ICE detainer. Instead, they argue that Mr. Karichu is not in ICE custody so there is no habeas corpus relief available for the Court to grant. This is an oversimplification. Importantly, "[t]he Supreme Court has held that challenges to future confinement are actionable in a habeas action." *Vargas v. Swan*, 854 F.2d 1028, 1031 (7th

---

[1] An Indiana Department of Correction document submitted by the federal respondents suggests that Mr. Karichu will not be released before March 14, 2026. Dkt. 10-1 at 1.

Cir. 1988) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 487 (1973); *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 488–89 & n. 4 (1973); *Peyton v. Rowe,* 391 U.S. 54, 67 (1968)). Additionally, regarding "detainers," the Seventh Circuit decided in *Vargas* that "an action that has as part of its effect the 'holding' of a prisoner for a future custodian who has evidenced an intent to retake or to decide the prisoner's future status at the end of his or her current confinement serves to establish custody for habeas purposes." *Id.* at 1032.

Because the ICE detainer is not in the case record, the Court is unable to ascertain whether ICE has asked Putnamville or the Indiana Department of Correction to "hold" Mr. Karichu. *See Hall v. Clarke*, No. 14-CV-1538, 2015 WL 365561, at *2 (E.D. Wis. Jan. 27, 2015) ("Whether an immigration detainer is sufficiently restrictive to constitute custody requires consideration of the nature and consequences of the specific detainer." (citing *Vargas,* 854 F.2d at 1033)). Accordingly, the Court is unable to determine whether Mr. Karichu, though currently in the physical custody of the Indiana Department of Correction, is—through a detainer--also in ICE custody for habeas purposes.[2]

Therefore, the Court **ORDERS** the federal respondents to **FILE**, on or before **March 9, 2026**, (1) a copy of the relevant detainer, and (2) a supplemental brief with any arguments they wish the Court to consider on the merits of Mr. Karichu's petition, for example (if he is found to be in ICE custody), whether that custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). If no detainer is in place, the respondents must submit competent evidence of that fact, such as documentation that a previously applicable detainer has

---

[2] In a declaration submitted by the federal respondents, Deportation Officer James Shields states that Mr. Karichu is not in ICE custody. Dkt. 10-2 ¶ 4. This is a legal conclusion, not a factual statement, and the Court has no obligation to adopt it. The Court will wait until the detainer—or proof of the lack of a detainer—is in the record and will then determine whether it has the effect of "holding" Mr. Karichu as set forth in *Vargas*.

been revoked or a declaration from a person who has reviewed pertinent records and determined that no detainer ever existed. Mr. Karichu will have **through March 11, 2026**, to file a reply.

    **IT IS SO ORDERED.**

Date: 3/4/2026

    _____
JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

FRANCIS KARICHU
244425
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Tyler G. Banks
INDIANA ATTORNEY GENERAL
tyler.banks@atg.in.gov

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov